566 A.2d 1259

**Joseph B. BOYLE, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 3, 1989.

Decided Dec. 11, 1989.

Joseph B. Boyle, pro se.

Maribeth Wilt–Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., NARICK, Senior Judge.

## OPINION

NARICK, Senior Judge.

Joseph B. Boyle (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board). The Board affirmed the prior decisions of the Office of Employment Security and a referee, concluding that Claimant was ineligible for unemployment compensation benefits under Section 404(d)(2) of the Unemployment Compensation Law (Law) [1] because 50% of his prorated retirement pension amount exceeded his weekly benefit rate. We affirm.

The Board found the following pertinent facts. Claimant was employed by the City of Philadelphia for 34 years prior to his retirement on December 31, 1988. Claimant filed for benefits effective January 1, 1989 and would have been entitled to a weekly benefit amount of $266.00. The amount of Claimant's retirement pension is $2,875.79 per month, or $664.00 per week (rounded). Claimant's pension is based upon services he performed for a base year and chargeable employer, and he made contributions to the pension plan.

■ Our scope of review on appeal is narrow: we must affirm unless we determine that the factual findings are not supported by substantial evidence, or that there has been an error of law committed or a violation of constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Section 404(d)(2) of the Law provides, in pertinent part:

(2)(i) In addition to the deductions provided for in clause (1), for any week with respect to which an individual is receiving a pension, including a governmental or

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(d)(2).

other pension, retirement or retired pay, annuity or any other similar periodic payment, under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

(ii) If the pension is entirely contributed to by the employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted. If the pension is contributed to by the individual, in any amount, then fifty per centum (50%) of the pro-rated weekly amount of the pension shall be deducted.

Claimant, proceeding *pro se*, raises essentially two issues for our review. First, he argues that the Board erred in its determination of ineligibility. Second, he contends that he should be entitled to benefits because he was forced to retire in lieu of layoff.

■ We have carefully reviewed the record with respect to the first issue and find ample support in Claimant's own testimony for the Board's factual findings. Because Claimant contributed to his pension plan, the Board properly applied Section 404(d)(2)(ii) to the facts of this case in concluding that one-half of the pro-rated weekly pension amount should be deducted from his weekly benefit amount. Since the former amount exceeded the latter, Claimant was properly found to be ineligible for benefits.[2]

■ With respect to Claimant's second argument, that he should be entitled to benefits because he retired due to impending layoff, we note that the Board's regulation, found at 34 Pa.Code § 65.103, governs. That section provides:

(a) When an employe has accumulated certain moneys, rights or equities under a retirement pension or annuity

2. Although Claimant argues that he should be entitled to compensation for those weeks during which his pension payment was delayed, he testified that his first pension check contained the entire amount due to him, retroactive to January 1, 1989.

plan but is permanently and involuntarily separated from his employment prior to retirement date, and payment is made to him from such moneys or in liquidation of his rights or equities, that payment shall not constitute a retirement pension or annuity within the meaning of section 404(d)(4)(iii) of the law (43 P.S. § 804(d)(4)(iii)) nor may it be considered a deductible wage replacement under any other provision of the law.

(b) Subsection (a) applies whether the payment is made in a lump sum or in installments.

(c) For the purposes of this section, *the phrase 'prior to retirement date' means prior to the claimant's attainment of the age specified in the retirement plan or program at which the employe may be retired with full or reduced pension rights.* (Emphasis added.)

Claimant himself testified before the referee that his 34 years of service with his employer, along with his one year of military service, entitled him to receive the maximum pension amount. Accordingly, 34 Pa.Code § 65.103 is inapplicable because Claimant was entitled to and was, in fact, receiving full pension benefits,[3] and the Board properly found that the circumstances of his separation from employment were not at issue.

We affirm the Board's order.

## ORDER

AND NOW, this 11th day of December, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

**3.** Claimant's situation is to be distinguished from that of employees who are involuntarily separated from employment before reaching retirement age. *See, e.g., Westinghouse Electric Corp. v. Unemployment Compensation Board of Review,* 127 Pa. Commonwealth Ct. 172, 561 A.2d 80 (1989) (plant closing).