631 A.2d 748

**Bernard J. GRACE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 1993.

Decided Aug. 25, 1993.

Bernard J. Grace, pro se.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before CRAIG, President Judge, PALLADINO, Judge, and KELTON, Senior Judge.

KELTON, Senior Judge.

Bernard J. Grace petitions for review of an November 25, 1992 decision of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's denial of benefits under Section 404(d) of the Unemployment Compensation Law (Law).[1]  We affirm.

The Board and the Referee concluded that Mr. Grace's pension benefits were deductible from his weekly unemployment compensation benefit rate and that he was ineligible for unemployment compensation benefits because 100% of his prorated pension of $304.00 exceeded the weekly benefit rate of $291.00.  In addition, the Board concluded that "[s]ince [Mr. Grace] was involuntarily separated from his employment *after his retirement date*, the monthly pension does constitute a retirement pension and can be deducted from his weekly benefit rate."  Board's November 25, 1992 Decision at 2 (emphasis added).  Accordingly, the Board affirmed the Referee's denial of benefits.

The narrow issue before us is whether Claimant was permanently and involuntarily separated from his employment prior to retirement date, in which case he would be entitled to

1.  Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 804(d).

benefits; or, alternatively, whether he was separated after his retirement date, in which case he would not be entitled to benefits. Our scope of review here is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law was committed or whether any constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The Board made the following findings of fact:

1. The claimant was last employed by MRC/SKF Industries for thirty-one years at the rate of $48,000.00 per year, his last day of work was June 14, 1991. Claimant's separation is not an issue in this appeal.

2. Claimant was permanently separated from his employment because the employer's plant was closed.

3. Claimant, at the time of his separation, had thirty-one years of seniority with the employer.

4. The earliest claimant could have applied for a pension, without being permanently separated due to a plant closing was when he had thirty years of service regardless of age.

5. Claimant, at the time of his separation and at the time he was retired, did have the right to apply for a full pension.

6. Claimant filed an Application for Benefits effective June 16, 1991, and is entitled to receive benefits in the amount of $291.00 per week.

7. The claimant's pension is based on services performed by a base year and chargeable to employer.

8. Claimant did not contribute into the above pension plan.

9. Claimant's pension amounts to a weekly sum of $304.00.

Findings of Fact Nos. 1–9.

In relevant part, Section 404(d) of the Law, which provides that pension benefits shall be deducted from any unemployment compensation benefits otherwise due and owing, reads as follows:

(2)(i) In addition to the deductions provided for in clause (1), for any week with respect to which an individual is receiving a pension ... retirement or retired pay ... under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

(ii) If the pension is entirely contributed to by the employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted. If the pension is contributed to by the individual, in any amount, then fifty per centum (50%) of the pro-rated weekly amount of the pension shall be deducted.

(iii) No deduction shall be made under this clause by reason of the receipt of a pension if the services performed by the individual during the base period or remuneration received for such services for such employer did not affect the individual's eligibility for, or increase the amount of, such pension, retirement or retired pay annuity or similar payment. . . .

(3) The provisions of this subsection shall be applicable whether or not such ... retirement pension ... [is] required to be paid. If such retirement pension ... deductible under the provisions of this subsection [is] received on other than a weekly basis, the amount thereof shall be allocated and pro-rated in accordance with the rules and regulations of the department. Vacation pay or other remuneration deductible under the provisions of this subsection shall be pro-rated on the basis of the employe's normal full-time weekly wage and as so pro-rated shall be allocated to such period or periods of unemployment. . . .

43 P.S. § 804(d)(2)(i)–(iii) and (d)(3).

Mr. Grace argues that the Board erred in deducting his pension benefits from any unemployment compensation benefits otherwise owed to him because he was involuntarily terminated *prior* to his retirement date, not *after* as found by the Board. Accordingly, Mr. Grace argues that he fell within the

provision exempting pension benefits from deduction found in 34 Pa.Code § 65.103(a), which provides as follows:

§ 65.103.   Separation prior to retirement date.

(a) When an employe has accumulated certain moneys, rights or equities under a retirement pension or annuity plan but is permanently and involuntarily separated from his employment prior to retirement date, and payment is made to him from the moneys or in liquidation of his rights or equities, that payment may not constitute a retirement pension or annuity within the meaning of section 404(d)(4)(iii) of the law (43 P.S. § 804(d)(4)(iii)) nor may it be considered a deductible wage replacement under any other provision of the law.

. . . .

(c) For the purposes of this section, *the phrase 'prior to retirement date' shall mean prior to the claimant's attainment of the age specified in the retirement plan or program at which the employe may be retired with full or reduced pension rights.*

34 Pa.Code § 65.103(a) and (c) (emphasis added).

It is well established that, in order for a claimant to be exempted from the pension deduction provisions of the Law, he must be permanently and involuntarily separated from his employment *prior* to his retirement date. *Boyle v. Unemployment Compensation Board of Review,* 130 Pa.Commonwealth Ct. 32, 566 A.2d 1259 (1989). Here, the Board determined that eligibility to retire with full benefits after having achieved thirty-years service was equivalent to being permanently and involuntarily separated from employment *after* Mr. Grace's retirement date.

■ With regard to the Board's conclusion, we note that an agency's interpretation of its own regulations is entitled to great deference. *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1008 (1981). Additionally, we note that the legislative intent of the General Assembly in enacting the amendment offsetting unemployment compen-

sation benefits otherwise due against any pension benefits received was to preserve the funds for those who truly needed them. *Tenaglia v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 453, 458 A.2d 331 (1983). Thus, even though Mr. Grace apparently had no plans to retire officially and voluntarily at the time of the plant closing, we conclude that the fact that he was admittedly eligible to retire after achieving thirty-years service is determinative in this case. *Boyle.*

■ Claimant also argues in his brief before this Court that the Board in its decision discriminated against him when compared with fellow employees who had fewer years of service and who were involuntarily separated *prior* to their retirement date. However, we believe that the separate classifications established in the Law and the Board's regulations are reasonable and bear a reasonable relationship to a legitimate governmental interest of protecting claimants who are terminated prior to their normal eligibility for full pensions. *See Sanders v. Unemployment Compensation Board of Review,* 86 Pa.Commonwealth Ct. 1, 482 A.2d 1371 (1984).

For the above reasons, we affirm.

### ORDER

**AND NOW,** this 25th day of August, 1993 the order of the Unemployment Compensation Board of Review dated November 25, 1992 is hereby affirmed.