John H. RATHVON, Sr., Petitioner,

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 7, 1995.

Decided Aug. 18, 1995.

5. 2 Pa.C.S. § 507.

John H. Rathvon, petitioner, for himself.

Paul R. Jordan, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., RODGERS, Senior Judge.

RODGERS, Senior Judge.

John H. Rathvon, Sr., (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision that Claimant's pension is deductible from his unemployment benefits pursuant to Section 404(d)(2) of the Unemployment Compensation Law (Law)[1] and that Claimant received a nonfault overpayment of benefits which is subject to recoupment. We affirm.

The Board's findings of fact are summarized as follows. In June of 1994, Claimant was involuntarily separated from his employment as an office manager with Bavarian Pretzel Company (Employer) after twenty-eight years of service. Claimant was sixty years and four months of age at the time of his separation.

Employer's retirement policy allowed for full retirement at age fifty-nine and a half with no penalties. At the time of his separation, Claimant's pension had a value of $105,-626.22, which Claimant could have taken as a lump sum or in monthly payments of $2,073.31. Claimant received a lump sum distribution from his pension and elected to "roll over" the entire amount into certificates of deposit, stocks or other investments.

Claimant applied for unemployment compensation benefits on June 19, 1994 and he received benefits in the amount of $329.00 per week for claim weeks ending July 2, 1994 through November 5, 1994. The record reflects that Claimant was randomly selected for a quality control investigation during which the information relevant to Claimant's pension was acquired. The Office of Employment Security issued a determination reducing Claimant's weekly benefit amount by $240.00, the pro-rated weekly amount of Claimant's pension, and establishing a nonfault overpayment in the amount of $4,560.00 under Section 804(b) of the Law, 43 P.S. § 874(b). The referee affirmed, as did the Board.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(d)(2).

On appeal to this Court,[2] Claimant argues that Section 404(d)(2) of the Law is applicable only where a claimant is actually receiving pension payments and not where, as here, a claimant is merely eligible to receive those payments. Claimant maintains that he is not receiving pension benefits because his entire pension was "rolled over" into another pension plan.

Section 404(d)(2) of the Law provides in pertinent part:

> (i) In addition to the deductions provided for in clause (1), for any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay, annuity or any other similar periodic payment, under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

> (ii) If the pension is entirely contributed to by the employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted. If the pension is contributed to by the individual, in any amount, then fifty per centum (50%) of the pro-rated weekly amount of the pension shall be deducted.

43 P.S. § 804(d)(2).

Claimant asserts that the Law does not mandate a deduction simply because an employee is eligible to receive a pension and that the referee[3] erred by reducing the amount of his unemployment compensation benefits by the pension monies he could have received had he so chosen.

However, this Court has previously upheld the Board's application of Section 404(d)(2) of the Law under similar circumstances. In *Grace v. Unemployment Compensation Board of Review*, 158 Pa.Commonwealth Ct. 183, 631 A.2d 748 (1993), the court stated as follows:

> It is well established that, in order for a claimant to be exempted from the pension deduction provisions of the Law, he must be permanently and involuntarily separated from his employment *prior* to his retirement date.[4] *Boyle v. Unemployment Compensation Board of Review*, 130 Pa.Commonwealth Ct. 32, 566 A.2d 1259 (1989). Here, the Board determined that eligibility to retire with full benefits ... was equivalent to being permanently and involuntarily separated from employment *after* [the claimant's] retirement date.

> With regard to the Board's conclusion, we note that an agency's interpretation of its own regulations is entitled to great deference.... Additionally, we note that the legislative intent of the General Assembly in enacting the amendment offsetting unemployment compensation benefits otherwise due against any pension benefits received was to preserve the funds for those who truly needed them.... Thus, even though [the claimant] had no plans to retire officially and voluntarily at the time ... we conclude that the fact that he was admittedly eligible to retire ... is determinative in this case.

*Id.* at 187–88, 631 A.2d at 750 (emphasis in original) (citations omitted).

Although Claimant neither intended to retire nor considered himself to be retired, at the time of his separation Claimant was admittedly eligible to retire under Employer's plan and was eligible to receive his pen-

---

2. Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation Board of Review*, 159 Pa.Commonwealth Ct. 134, 632 A.2d 1014 (1993).

3. While Claimant references the Board's decision and order in his Petition for Review, in his brief Claimant addresses the referee's decision.

4. 34 Pa.Code § 65.103(a). The phrase "prior to retirement date" is defined at 34 Pa.Code § 65.103(c) as meaning prior to the employee's attainment of the age specified in the retirement plan at which the employee may be retired with full or reduced pension rights.

sion monies without penalty.[5]  Contrary to Claimant's assertions, Claimant's eligibility to retire *is* determinative, and the Board correctly applied Section 404(d)(2) of the Law to determine Claimant's weekly benefit rate.

Accordingly, we affirm.

### ORDER

NOW, August 18, 1995, the order of the Unemployment Compensation Board of Review, dated March 2, 1995, at No. B–334374, is affirmed.

---

**5.** Claimant was not subject to a penalty under federal tax law, as the lump sum distribution was made after Claimant reached age fifty-nine and a half.  I.R.C. § 72(t).