William J. SALERNO, Jr., Petitioner,

v.

### UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1996.

Decided April 12, 1996.

---

Thomas J. Russell, for Petitioner.

Sarah C. Yerger, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

William Salerno (Claimant) appeals an Unemployment Compensation Board of Review (Board) order that affirmed a referee's decision denying him benefits under the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

The Board found the following facts. At age fifty-five, Claimant voluntarily quit his employment with PECO Energy Company for cause of a necessitous and compelling nature. He would be entitled to receive unemployment benefits of $340 per week, but he received a monthly pension of $1,581.19, which is equivalent to a weekly sum of $365. Claimant did not contribute to the pension plan, which is based on services performed for a base year and/or chargeable employer. "Normal retirement age, the age at which the claimant would otherwise qualify for a pension, is fifty-five years of age." (Board decision, September 18, 1995, p. 1).

Claimant's application for benefits was denied in a notice of pension deduction determination because his weekly unemployment benefit rate of $340 would be reduced to zero after adjusting for his weekly pro-rated pension amount of $365. The referee and then the Board denied Claimant's subsequent appeals, agreeing that the Law requires Claimant's pension be deducted from his weekly benefit rate. Claimant now appeals to this Court.

Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were unsupported by substantial evidence. *Rathvon v. Unemployment Compensation Board of Review*, 663 A.2d 893 (Pa.Cmwlth.1995).

There is no doubt that the Law generally requires unemployment benefits be reduced

by retirement pension sums received. Section 404(d)(2) of the Law provides in relevant part:

(i) ... (F) or any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay ... under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

(ii) If the pension is entirely contributed to by the employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted. If the pension is contributed to by the individual, in any amount, then fifty per centum (50%) of the pro-rated weekly amount of the pension shall be deducted ...

43 P.S. § 804(d)(2).

However, there is what might be considered an exception to the general rule, exempting from deduction certain sums received when a claimant is involuntarily separated from his employment prior to his retirement date. The exemption is provided for in the regulation appearing at 34 Pa.Code § 65.103, which states:

(a) When an employe has accumulated certain moneys, rights or equities under a retirement pension ... but is permanently and involuntarily separated from his employment prior to retirement date, and payment is made to him from the moneys or in liquidation of his rights or equities, that payment may not constitute a retirement pension ... nor may it be considered a deductible wage replacement ...

. . . .

(c) For the purposes of this section, the phrase "prior to retirement date" means prior to the claimant's attainment of the age specified in the retirement plan or program at which the employe may be retired with full or reduced pension rights.

This Court has upheld the regulation as valid and has had several occasions to interpret it. *See Rathvon; Teledyne Columbia–Summerill Carnegie v. Unemployment Compensation Board of Review*, 160 Pa.Cmwlth. 17, 634 A.2d 665 (1993); *Grace v. Unemployment Compensation Board of Review*, 158 Pa.Cmwlth. 183, 631 A.2d 748 (1993); *Westinghouse Electric Corp. v. Unemployment Compensation Board of Review*, 127 Pa. Cmwlth. 172, 561 A.2d 80 (1989).

The issue before us now is whether the exemption applies under the facts here. Claimant's sole contention is that the normal retirement age in his employment is not fifty-five as the Board found and, thus, because Claimant was involuntarily separated from his employment before the normal retirement age, his pension sums may not be deducted from unemployment benefits. He suggests that, absent a retirement enhancement he received, "normal" retirement from his employment without a penalty is at age sixty, and that his pension would have been greater had he continued working to age sixty-five as he intended. He relies on *Westinghouse*, where we held that, according to the regulation cited above, retirement benefits paid to an employee separated from his employment due to a plant closing before he reaches retirement age are not to be deducted from his unemployment benefits.

Claimant's argument is misplaced. There is no challenge to the testimony that Claimant was fifty-five years of age when he retired and his pension became effective upon his retirement; in fact, due to an enhancement offer applying as early as age fifty, his retirement with pension was without penalty and with full medical benefits. (Notes of Testimony, pp. 5–6, 12–14). This testimony is sufficient to uphold the Board's decision under the plain language of the regulation, which the Board cited. "It is well established that, in order for a claimant to be exempted from the pension deduction provisions of the Law, he must be permanently and involuntarily separated from his employment *prior* to his retirement date." *Grace*, 631 A.2d at 750 (emphasis in original). Under the exempting regulation, "prior to retirement date" means "prior to the claimant's

attainment of the age specified in the retirement plan or program at which the employe may be retired with full or reduced pension rights." 34 Pa.Code § 65.103. Thus, as we have already held, a claimant's eligibility to retire with pension rights is determinative in these cases. *Rathvon; Grace.*[1]

■ It is evident, then, that Claimant overlooks the crucial fact in this case, which is that he reached his *actual* retirement date. The age at which he may have intended to retire, the offer of an enhancement plan that enabled his earlier retirement without penalty, his preference for delaying retirement in order to receive a larger pension, as well as other circumstances pertaining to *"normal"* retirement age, are not part of the relevant inquiry under the regulation. We note that the Board itself used the phrase "normal retirement age," but a fair reading of its decision reveals that it nevertheless made the dispositive finding, supported by all of the evidence, that Claimant had reached the age at which he could retire and receive his pension. That fact renders an exemption from pension deductibility inapplicable.

Accordingly, the order of the Board sustaining the referee's decision is affirmed.

### ORDER

AND NOW, this 12th day of April, 1996, the order of the Unemployment Compensation Board of Review, No. B–340791, dated September 18, 1995, is hereby affirmed.

---

1. We upheld pension deductions in both *Rathvon* and *Grace,* stating that, regardless of whether the claimants intended to retire, the exempting regulation did not apply where the claimants were eligible to retire and to receive a pension. By contrast, the claimants in *Westinghouse* were involuntarily terminated before reaching retirement age.