Roslyn G. Pollack, for Petitioner.

Maribeth Wilt–Seibert, Assistant Counsel, for Respondent.

Before COLINS, President Judge, LEADBETTER, J., and LORD, Senior Judge.

COLINS, President Judge.

Presently before the Court are petitions for review filed by James Deni (Claimant) and PECO Energy (PECO) from decisions of the Unemployment Compensation Board of Review (Board) that found Claimant had cause of a necessitous nature for voluntarily leaving his employment with PECO, and that Claimant's unemployment benefits were subject to the pension deduction provisions contained in Section 404(d)(2) of the Unemployment Compensation Law (Law)[1] because of

James DENI, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

PECO ENERGY COMPANY, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 11, 1996.
Decided Aug. 16, 1996.

---

1. Section 404(d)(2) of the Law provides: Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ... shall be paid ... compensation in an amount equal to his weekly benefit rate less the total of (i) the

pension benefits received pursuant to Claimant's acceptance of a Voluntary Retirement Incentive Plan (VRIP).

Claimant's petition for review, docketed to No. 1685 C.D.1995, is from the Board's order that concluded that his unemployment benefits should be offset by the pension benefits received pursuant to the VRIP. In his brief to this Court, Claimant raises the following two issues for our consideration:

(1) Whether termination of employment was voluntary or involuntary, and if voluntary, for cause of a necessitous and compelling nature, thereby entitling Claimant to receipt of benefits.

(2) Whether Claimant's pension benefits were deductible from his weekly unemployment benefit rate.

PECO's petition for review, docketed to No. 2146 C.D.1995, is from the Board's order that concluded that Claimant's voluntary quit was for cause of a necessitous and compelling nature. PECO raises the following issues for our consideration:

(1) Whether Claimant's acceptance of the VRIP, when a separation package was offered to all PECO employees and Claimant had no imminent fear of layoff, was a voluntary termination for cause of a necessitous and compelling nature, thereby entitling Claimant to receipt of unemployment benefits.

(2) Whether Claimant's stress level was an adequate health reason to justify the voluntary termination and, if so, did he adequately inform PECO of an adverse health condition such that he became entitled to unemployment compensation benefits.

(3) Whether Claimant involuntarily separated himself from his employment with PECO prior to attainment of the age specified in the VRIP.

(4) Whether Claimant's pension benefits are 100% deductible from his weekly benefit rate such that unemployment benefits would be offset.

The facts of this case, as found by the Board, are summarized as follows. Pursuant to a reorganization plan, PECO increased expectations and demands for each job position. As part of these increased expectations, PECO decided that a certain number of employees who had the poorest performance would be classified as developmental. Any employee who remained developmental for two consecutive periods could and most likely would be discharged. Overtime pay was eliminated and employees were expected to work more than 40 hours per week.

Claimant was informed that he had been classified as developmental. Claimant did not think that he could ever receive an acceptable evaluation because of his increased workload. As a result, Claimant's stress level and blood pressure began to increase. Claimant also began to curse at people and became irritable because of the stress at

remuneration, if any, paid or payable to him with respect to each week for services performed which is in excess of his partial benefit credit and (ii) vacation pay, if any, which is in excess of his partial benefit credit, **except when paid to an employe who is permanently or indefinitely separated from his employment.**
. . . .

(2)(i) deductions provided for in clause (1), for any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay, annuity or any other similar periodic payment, under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as deterred under subclause (ii).

(ii) If the pension is entirely contributed by the employer, then 100% of the pro-rated weekly amount of the pension shall be deducted. . . .

(iii) No deduction shall be made under this clause by reason of the receipt of a pension if the services performed by the individual during the base period or remuneration received for such services for such employer did not affect the individual's eligibility for, or increase the amount of, such pension, retirement or retired pay annuity or similar payment.

Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 804(d)(2).

work. Although claimant tried to transfer to another position with PECO, he was unable to do so. Claimant made his supervisor aware that he was suffering from a tremendous amount of stress as a result of his increased workload. Claimant also told his supervisor that the irritability was a result of stress.

Claimant left his position as a senior analyst with PECO on December 21, 1994 pursuant to the VRIP, at the age of 51. Claimant's final rate of pay was $28.79 per hour. Under the terms of the VRIP, Claimant received a monthly pension from PECO of $2,093.74. The pension is based on services performed by a base year and/or chargeable employer. Claimant did not contribute to this pension.

Claimant filed a claim petition seeking benefits, which was granted by the Office of Employment Security (OES) on the basis that Claimant voluntarily quit employment with cause of a necessitous and compelling nature (i.e. the job-related stress). OES did not offset benefits against sums that Claimant received from his pension. Claimant's benefit rate was determined to be $340.00 per week. PECO appealed to an unemployment compensation referee, who reversed the decision of OES on the grounds that Claimant did not prove a necessitous and compelling cause to voluntarily terminate employment and that any benefits would necessarily be offset by his monthly pension benefits, the weekly equivalent of which would exceed his benefit rate.

Claimant further appealed to the Board, which reversed the referee's decision that Claimant did not have cause of a necessitous and compelling nature to voluntarily quit his employment, concluding that Claimant had met his burden of proving a voluntary termination for health reasons. The Board affirmed the referee's decision to wholly offset benefits on account of the pension. Cross-petitions for review to this Court followed.[2]

We shall begin by addressing the arguments of both parties relative to the pension deduction. In so doing, we are assuming

arguendo, without deciding, that Claimant's voluntary termination was for cause of a necessitous and compelling nature.

This Court has previously visited the issue of what circumstances require a claimant's unemployment compensation benefits to be subject to the deduction provisions of Section 404(d)(2) of the Law, 43 P.S. § 804(d)(2). For historical and precedential discussion of this Court's treatment of this issue, see this Court's opinion in *PECO v. Unemployment Compensation Board of Review*, 682 A.2d 36, 38 (Pa.Cmwlth.1996)(collectively referred to as PECO Pension Case No. I).

In *Salerno v. Unemployment Compensation Bd. of Review*, 674 A.2d 776 (Pa.Cmwlth. 1996), this Court was confronted with a nearly identical factual scenario. In *Salerno*, the Board determined that the claimant had voluntarily terminated employment for cause of a necessitous and compelling nature. However, the Board in that case, like here, subjected the claimant's unemployment compensation benefits to the deduction provisions of the Law because his pension benefits, received pursuant to an enhanced retirement plan, exceeded the amount to which claimant was entitled as unemployment compensation. On appeal to this Court, claimant argued that he retired prior to the normal retirement age, and thus the deduction provisions did not apply. In affirming the decision of the Board, we held that the age at which the claimant "may have intended to retire, the offer of an enhancement plan that actually enabled his earlier retirement without penalty, his preference for delaying his retirement in order to receive a larger pension, as well as other circumstances pertaining to 'normal' retirement age, are not part of the relevant inquiry under the regulation." *Salerno*, 674 A.2d at 779. We concluded that claimant in that case "had reached the age at which he could retire and receive his pension. That fact renders an exemption from pension deductibility inapplicable." *Id.*

Therefore, based on the foregoing precedent, we conclude that because Claimant in

---

**2.** When reviewing Board decisions, this Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

this case retired from his position with PECO pursuant to the VRIP, the Board's decision granting the pension deduction contained in Section 404(d)(2) of the Law, 43 P.S. § 804(d)(2), is affirmed.[3]

### ORDER

AND NOW, this 16th day of August, 1996, the order of the Unemployment Compensation Board of Review, appealed at No. 1685 C.D.1995, is affirmed.

The appeal of PECO Energy, docketed to No. 2146 C.D.1995, is dismissed.

---

**3.** Based on our resolution of this issue, we need not decide the issue of whether Claimant volun-

tarily terminated his employment for cause of a necessitous and compelling nature.