Lester S. HORNSBERGER,
Jr., Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Andrew J. VETROSKY, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

John J. EROH, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

John LEVKULIC, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Ronald MAISENHALTER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

John KROUSE, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Kenneth L. SEAGRAVES, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

William F. GOUGH, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Joseph P. ANFUSO, Jr., Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Edward S. MICHAYLIRA, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

John W. TOTH, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Ronald R. FRITZ, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Larry BRANDON, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Paul LUPCHO, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Harry G. ZIMMERMAN, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW, Respondent
(Two Cases).

Timothy D. REYNOLDS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW, Respondent
(Two Cases).

James W. HESS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Thomas M. HANSUT, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Charles H. STOVER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Don KUNKLE, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Robert N. CHRISTOFF, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Daniel G. BARTRON, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 16, 1998.

Decided Sept. 18, 1998.

Richard E. Gordon, Pittsburgh, for petitioners.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Lester S. Hornsberger, Jr., et al (Claimants) have filed petitions for review from decisions of the Unemployment Compensation Board of Review (Board) which reduced Claimants' unemployment compensation benefits, in most instances to $0, due to Claimants' receipt of pension benefits from Bethlehem Steel Corporation (Employer). We affirm the orders of the Board.

The undisputed facts, as found by the Board and not challenged by Claimants, are as follows. Claimants were last employed by Employer and were involuntarily and permanently separated from employment due to a plant shutdown. The shutdown took effect in

several stages and was completed by 1996. Employer did not offer or make available to Claimants any suitable alternate positions.

Claimants worked under a collective bargaining agreement as members of Local #2599 of the United Steelworkers of America (Union), and at all times were included in a Pension Agreement Plan (pension plan) between Employer and Union. The pension plan is extensive and provided numerous options with retirement being possible at different ages depending upon the years of service an employee has accumulated. In addition, the pension plan included options in the event of a plant shutdown. At the time Claimants retired due to the plant shutdown, each one could have retired under one of the many options in the pension plan due to their age and years of service, had they so chosen to retire, but each Claimant retired under one of the three plant shutdown options.[1]

In all of these cases Employer contributed to the pension plan and no contributions were made by Claimants. Claimants worked during their base years for Employer which affected their eligibility for or increased the amount of the pension or retirement pay they received.

In addition to the receipt of Claimants' monthly pension amounts, Claimants received a lump sum special payment after they retired. This special payment included unused vacation pay that Claimants had earned. This special payment, minus the unused vacation pay, was prorated and also deducted from Claimants' unemployment compensation benefits, since it was considered part of their pension payment.

After retiring, Claimants filed for and were granted unemployment compensation benefits under Section 402(b) of the Law (Law).[2] The Job Center then reduced Claimants'

benefits pursuant to Section 404(d)(2) of the Law.[3] The reductions were due to Claimants' receipt of special payments and monthly pensions from Employer. Claimants appealed to a Referee and hearings were held after which, in some cases the Job Center determinations were reversed and benefits were granted, and in other cases the Job Center determinations were affirmed and benefits were denied. Appeals were taken, either by Claimants or by the Office of Employment Security, to the Board. In all cases, the Board determined that Claimants' special payments, minus the vacation pay, and their pensions were deductible one hundred percent pursuant to the Law. Accordingly, benefits to Claimants were reduced, in most cases to $0. Claimants then filed petitions for review to this Court.

■ Claimants raise one issue for our review, whether the pension offset provision in 34 Pa.Code § 65.103 is applicable to them, even though they were eligible to retire from employment under the continuous service criteria at the time of the plant shutdown.[4] Our review in unemployment compensation cases is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact were supported by substantial evidence. *Boyle v. Unemployment Compensation Board of Review*, 130 Pa.Cmwlth. 32, 566 A.2d 1259 (Pa.Cmwlth.1989).

The Law generally requires that unemployment compensation benefits be reduced by retirement pension sums received by claimants. Section 404(d)(2) provides in relevant part:

(i) [F]or any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay . . . under a plan maintained or contributed to by a base

---

1. Claimants Krouse and Gough present a few different facts. These Claimants did not have thirty years of service at the time the plant was closing and chose to remain in a layoff status until they had accrued the extra time in order to enhance their retirement benefits.

2. Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937), *as amended*, 43 P.S. § 802(b).

3. 43 P.S. § 804(d)(2).

4. Claimants Krouse and Gough also argue that their benefits should not be reduced because of their layoff status with Employer before their actual retirement. *See* this Court's holding in *Attenberger v. Unemployment Compensation Board of Review*, 682 A.2d 68 (Pa.Cmwlth.1996), which is dispositive of this argument and dictates a denial of benefits to these Claimants.

period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced ... by the pro-rated weekly amount of the pension as determined under subclause (ii).

(ii) If the pension is entirely contributed to by employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted....

However, there is an exception to this provision of the Law and that exception is found at 34 Pa.Code § 65.103.[5] This regulation provides in relevant part that:

(a) When an employe has accumulated certain moneys, rights or equities under a retirement pension or annuity plan but is permanently and involuntarily separated from his employment prior to retirement date, and payment is made to him from the moneys or in liquidation of his rights or equities, that payment may not constitute a retirement pension or annuity within the meaning of Section 404(d)....

(c) For the purposes of this section, the phrase "prior to retirement date" means prior to the claimant's attainment of the age specified in the retirement plan or program at which the employe may be retired with full or reduced pension rights.

In interpreting this regulation this Court has held that in order for the exemption to apply, the claimant must be permanently and involuntarily separated from employment *prior* to his retirement date. *Boyle*, 566 A.2d at 1260. Claimants contend that the exemption applies to them because, although at the time of their retirement they were eligible to retire under Employer's retirement plan because of their years of service, they had not yet attained retirement age eligibility. In addition, Claimants contend that since they retired under Employer's special plant closing plan and not under the "normal retirement plan", the exemption should apply.

The Board contends that the exemption does not apply to Claimants because they were eligible to retire under Employer's retirement plan at the time the plant closed

regardless of the special plant closing retirement plan. The Board argues that had the plant not closed and had any of the Claimants elected to retire or resign at that time, they would have been eligible for a pension under Employer's pension plan, and that pension would have been deductible from any unemployment compensation benefits. The Board contends that just because the plant closed does not make Claimants automatically eligible for unreduced benefits, and to allow Claimants to receive a pension and unemployment compensation benefits in this situation would amount to a windfall and/or double dipping.

In support of the argument that they are entitled to unreduced benefits, Claimants rely on *Teledyne Columbia–Summerill v. Unemployment Compensation Board of Review*, 160 Pa.Cmwlth. 17, 634 A.2d 665 (Pa. Cmwlth.1993); *Westinghouse Electric Corporation v. Unemployment Compensation Board of Review*, 127 Pa.Cmwlth. 172, 561 A.2d 80 (Pa.Cmwlth.1989); and *Westinghouse Electric Corporation v. Unemployment Compensation Board of Review*, 549 A.2d 623 (1988). We conclude that these cases are distinguishable from the cases sub judice and therefore, are not controlling.

In the *Westinghouse* cases, the employer closed a plant and the employees applied for unemployment benefits. The employer's retirement plan provided for retirement eligibility at age 58 with 30 years of service. At the time the claimants were permanently and involuntarily separated by the plant closing, none of them had reached 58 years of age and only one had at least 30 years of service. Therefore, under the employer's retirement plan none of the claimants had the right to apply for or receive a pension at the time of the plant closing. We affirmed the Board's conclusion that these claimants fell within the exemption created by 34 Pa.Code § 65.103 because, clearly, they were involuntarily and permanently separated prior to the specified normal retirement age which was 58 with 30 years of service, and because the employer failed to demonstrate that the Board's inter-

---

**5.** We note that as of January 3, 1998, 34 Pa.Code § 65.103 has been reserved and is no longer in effect. Because these cases were initiated before this section was reserved, § 65.103 must be considered by this Court.

pretation of its own regulation was plainly erroneous or inconsistent.

The facts of the cases before us now reveal that Claimants had attained ages specified in the pension plan for eligibility for retirement, if they had the requisite years of service. The pension plan provided for a pension for an employee at just about any age as long as the employee had the required years of service. In fact, Claimants do not dispute the Board's findings that they were eligible for a pension under the regular pension plan at the time they retired. Therefore, unlike the claimants in the *Westinghouse* cases who were not eligible for any pension at the time of the plant closing, Claimants in the instant cases were eligible for pensions under the pension plan and did receive those pensions. Accordingly, the *Westinghouse* cases are inapplicable here.

A close examination of the *Teledyne* case reveals that it is also distinguishable. In *Teledyne*, the employer closed a plant and the claimants applied for unemployment benefits. The employer's retirement plan provided that the normal retirement age was 65 years old. Years of service were not mentioned. The plant closing agreement provided that in the event of a permanent plant closing, the employees who met specified requirements of the various retirement plans could retire before the normal retirement age of 65. The Board granted unreduced benefits to the claimants concluding that they had not attained the age of retirement specified in the regular retirement plan and were therefore eligible for unreduced benefits even though they had a sufficient number of years of service under the plant closing agreement. In *Teledyne*, had the plant not closed the claimants would not have been eligible for pensions since they had not reached the age of 65 specified in the retirement plan.

The facts in the cases before us reveal that Claimants had reached ages required in the pension plan to be considered for pension eligibility, as long as they also had the requi-

site years of service for eligibility. Because both age and years of service are part of Employer's regular pension plan in these cases, our decision in *Teledyne*, where employer's plan relied solely on the age of the employees, is not applicable here.

Right on point are quite a few cases in which we have held that claimants' unemployment benefits should be reduced where a claimant had the requisite amount of years of service under the employer's retirement plan, regardless of claimant's age. Specifically, in *Grace v. Unemployment Compensation Board of Review*, 158 Pa.Cmwlth. 183, 631 A.2d 748 (Pa.Cmwlth.1993), decided twelve days after *Teledyne*, this Court agreed with the Board's conclusion that eligibility to retire with full benefits after having achieved thirty years of service was equivalent to being permanently and involuntarily separated after the claimant's retirement date. This Court concluded that since the claimant was admittedly eligible to retire after thirty years of service that this was a determinative factor.

Following *Grace* came *Rathvon v. Unemployment Compensation Board of Review*, 663 A.2d 893 (Pa.Cmwlth.1995), *Salerno v. Unemployment Compensation Board of Review*, 674 A.2d 776 (Pa.Cmwlth.1996), and *Attenberger*, 682 A.2d at 68, all of which concluded that the claimants had reached their actual retirement date under the employer plan considering age and years of service before being separated and, therefore, their unemployment benefits should be reduced by the amount of their pensions.[6]

Finally, in *PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 36 (Pa.Cmwlth.1996), this Court held that the linchpin in determining whether unemployment compensation benefits are offset by a claimant's retirement benefits is eligibility, *i.e.*, whether a claimant is eligible to retire. Here, it is undisputed by Claimants that they were eligible to retire under Employer's regular pension plan at the time

---

**6.** Even before the *Westinghouse* and *Teledyne* cases this Court concluded that a claimant's years of service with no mention of age, which qualified the claimant for an employer pension, was relevant and reduced the claimant's benefits since the claimant was entitled to and received a pension. *Boyle*, 566 A.2d at 1261.

they did retire, regardless of whether that plant was closing or not.

■ This Court has repeatedly held that an agency's interpretation of its own regulations is entitled to great deference. *Grace,* 631 A.2d at 748. Here, the Board's interpretation 34 Pa.Code § 65.103 did not exempt Claimants from having their benefits reduced by the amount of their pensions. We are bound to agree. We must conclude as this Court has done before, that the fact that Claimants were admittedly eligible to retire after achieving thirty years of service is determinative, and Claimants' pensions are deductible from their unemployment compensation benefits.

Accordingly, the Board's orders reducing Claimants' benefits due to receipt of pensions are affirmed.

### ORDER

AND NOW, this 18th day of September, 1998, the orders of the Unemployment Compensation Board of Review in the above captioned matters are affirmed and benefits are reduced due to Claimants' receipt of pensions.

PELLEGRINI, J., dissents.