Robin Knee, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges WILKINSON, JR., MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold I. Goodman,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 30, 1980:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying claimant unemployment compensation benefits under Section 4(1)(4)(10)(B) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §753(1)(4)(10)(B). We affirm.

In the 1977-78 school year claimant was a full-time student in a graduate school program at the University of Pennsylvania (University). Claimant had completed the traditional formal classroom portion of the preparation for her Ph.D. degree and was preparing for the examinations for her doctorate by "reading books" and "taking notes." Claimant had been assigned an advisor for counseling and for instruction with respect to claimant's dissertation. The University employed claimant as a teaching fellow, paying her $1,250 for each course she taught. Claimant's last

day as a teaching fellow at the University was April 30, 1978, and she subsequently applied for unemployment compensation benefits. Claimant reported her earnings for 1977, the base year for her claim, as $3,-811 in wages from the University and $291 in wages from the Devon Systems Group. The Bureau of Employment Security (now the Office of Employment Security) denied unemployment compensation benefits. After claimant's timely appeal and a hearing, a referee affirmed the denial of benefits on the basis that claimant's teaching fellowship was not covered under Section 4(1)(4)(10)(B) for purposes of computing financial eligibility for unemployment compensation. The Board heard claimant's appeal, ordered benefits denied, upon claimant's motion reconsidered her claim, and finally affirmed its prior decision and reinstated the order denying benefits.

Section 4(1)(4)(10)(B) of the Law provides that the definition of "employment" shall not include "[s]ervice performed in the employ of a school, college or university if such service is performed (i) by a student who is enrolled and is regularly attending classes at such school, college or university." The Board concluded that claimant's program of study to prepare for the examinations for her Ph.D. degree was within the meaning of "regularly attending classes" and that claimant's services as a teaching fellow were not covered employment. Claimant here argues that Section 4(1)(4)(10)(B) requires that a person attend traditional classes held by her employer to disqualify wages earned from that employer for calculation of financial eligibility.[1]

---

[1] It seems appropriate to point out that if claimant desires us to read and apply the disqualifying section literally, then by her own case she is disqualified. Certainly she was enrolled as a student at the University of Pennsylvania. Further, she was regularly attending class at the University, i.e. those classes she taught as a teaching fellow.

That claimant was not regularly attending traditional classes during her work as a teaching fellow was due to the unique structure of graduate studies. Claimant had completed the traditional classroom work for the Ph.D. degree but was not done with the regular program of studies. She was enrolled at the University as a full-time dissertation student and was in the midst of a most important phase of her studies: the preparation for the examinations for the Ph.D. degree. Under these facts we find no error in the Board's conclusion that Section 4(1)(4)(10)(B) disqualified claimant's teaching fellowship as covered services.

Accordingly, we will enter the following

### ORDER

AND Now, June 30, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-166973-B, dated March 12, 1979, reaffirming the denial of unemployment compensation benefits to Robin Knee, is affirmed.