James Grosskinsky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Janet L. Braun,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 15, 1982:

The claimant in this unemployment compensation case having been discharged from his employment applied for benefits giving the Office of Employment Security (OES) as the reason for his unemployment that he was laid off for lack of work. The employer

20

notified the OES that the claimant had been discharged for advising the customers of the employer's paint store to take their business elsewhere.

The undisputed facts are that the claimant had been given a probationary term as manager of one of the employer's stores. At the end of the trial period the employer decided that the claimant would not fit the bill as a manager, told him so, but offered him his old position of salesman at salary greater than that which he received when he had last been a salesman. This action angered the claimant.

The employer testified after he told the claimant he could not be manager that he learned from others that the claimant had told other salesmen employed by the business that he intended to tell customers that they should not buy from the employer; that he then confronted the claimant with this information and that claimant apologized and explained his conduct as the product of his disappointment and bitterness at not having retained his promotion and that this led the employer to conclude that the claimant had indeed talked to customers in the vein threatened, although the claimant never expressly admitted this. After considering the matter for a day or so, the employer discharged the claimant. The employer also testified as follows:

Well I would like to say that when Jim told the salemen [sic] our own salesmen, that he was going to threaten to tell our customers that they should take their business elsewhere, if we had retained Jim, I'm not sure that the cooperation would have been there between the salesmen and Jim. In other words, it would have been felt that Jim was no longer a team player, so to speak. Whether he would actually go out and tell the people or not, it was implied that he was going to. And the salesmen and the store

people have to work together because the store people help the salesmen filling orders, getting leads for the salesmen to go out on new business. So they have to work together and I don't believe they could have worked together after what was said.

The claimant admitted that he told some of the employer's salesmen that he intended to tell customers not to buy from the employer. He denied actually telling any customer this.

The Board of Review found that the claimant told the salesmen that he intended to advise customers to purchase paint elsewhere but that he did not do as he intended.

The claimant now contends that because the employer discharged him based on a conclusion that the claimant talked to customers but the Board of Review found that he talked only to salesmen, he cannot be denied unemployment compensation. This missed the mark. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) provides: "An employee shall be ineligible for compensation for any week—(e) In which his unemployment is due to his discharge . . . for willful misconduct connected with his work." The issue is therefore not that of whether it was the employer's burden to show that the claimant had spoken to customers in the fashion described, as the employer believed, but that of whether the claimant's unemployment was due to his conduct after being reduced from manager to salesman. Clearly a threat to sabotage one's employer's business, expressed to other employees, is disregardful of the employer's interests and of standards the employer has the right to expect, as the Board of Review properly found.

Order affirmed.

### ORDER

AND Now, this 15th day of November, 1982, the order of the Unemployment Compensation Board of Review, No. B-192947, is affirmed.

### AMENDED ORDER

AND Now, this 16th day of November 1982, the Order of this Court entered November 15, 1982, is hereby amended to provide as follows:

AND Now, this 15th day of November, 1982, the order of the Unemployment Compensation Board of Review, No. B-193947, is affirmed.