627 A.2d 1232

**Juan BAERTL, M.D., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 2, 1993.

Decided June 25, 1993.

Lawrence S. Markowitz, for petitioner.

James K. Bradley, Associate Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

Juan Baertl, M.D. (employer) petitions for review of a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's decision granting Mary C. Moore (claimant) benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Section Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).[1]

---

1. Section 402(b) of the Law, 43 P.S. § 802(b), provides:

 An employe shall be ineligible for compensation for any week—

 . . . .

 (b) In which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . .

After a hearing held on May 21, 1992, at which claimant, claimant's spouse, employer, and employer's counsel appeared, the referee, by decision dated July 10, 1992, reversed the determination of the Bureau of Unemployment Compensation Benefits and Allowances denying claimant benefits and granted benefits for compensable weeks ending April 4 and April 11, 1992. Employer appealed and the Board, by decision dated October 9, 1992, affirmed the referee's determination, including the following pertinent findings of fact and discussion:

## FINDINGS OF FACT

1. Claimant worked as a general administrator for the employer from March 21, 1990, to March 18, 1992.

2. On March 4, 1992, while claimant was working for employer, the employer invited claimant to sit down for a cup of coffee which she did at which time the employer indicated to claimant that he loved her and that, when he is around her, his testicles become hard and he has to go masturbate.

3. On a prior occasion within the previous two months, the employer had kissed claimant on her back while claimant was performing her job duties.

4. Claimant had previously indicated to the employer that she did not appreciate his advances which were unwanted. Claimant's indications to the employer that claimant did not welcome his advances were followed by periods of time during which there were no advances.

. . . .

6. On March 10, 1992, claimant and her husband met with the employer at the employer's home at which time the employer apologized for the comments he had made to claimant on March 4, 1992.

7. At the employer's suggestion, claimant took off the rest of the week following Tuesday, March 10, 1992.

8. On March 10, 1992, employer suggested to claimant that claimant seek professional psychiatric counseling inasmuch as the employer's comments to claimant on March 4, 1992, were disturbing to claimant.

9. Claimant indicated to the employer that she could not afford to see a psychiatrist, and the employer offered to pay for the counseling.

10. On Monday, March 16, 1992, claimant went to work for the employer after having been off the previous week at the employer's suggestion.

11. On March 16, 1992, claimant saw a psychiatrist for counseling.

12. On March 17, 1992, claimant went to work and asked for her paycheck.

13. The employer indicated to claimant that he did not have a paycheck for claimant since claimant was not at work the previous week.

14. Claimant reminded the employer that she was off from work the previous week due to the employer's suggestion.

15. The employer informed claimant that it would not be good for her well-being to continue to work for the employer and claimant agreed and suggested to the employer that the employer's office had received a resume from an individual who claimant indicated might be a suitable replacement for her.

16. The employer had already interviewed a person to replace claimant.

17. Claimant voluntarily terminated her employment due to sexual harassment by the employer.

18. Claimant did not quit her job due to medical reasons.

## DISCUSSION

. . . .

Section 402(b) of the Law provides that a claimant shall be ineligible for compensation for any week in which her unemployment is due to voluntarily leaving work without

cause of a necessitous and compelling nature. Since claimant voluntarily terminated her employment, the burden rests upon her to show cause of a necessitous and compelling nature for so doing.

Claimant voluntarily terminated her employment due to sexual harassment from her employer. Claimant had informed the employer that his sexual advances were unwanted. However, the sexual harassment continued. The Board, after a thorough examination of the record, concludes that claimant has met her burden of establishing she had cause of a necessitous and compelling nature for voluntarily terminating her employment. Benefits are granted to claimant in accordance with Section 402(b) of the Law.

■ Employer now alleges that the conduct of which claimant complains consisted of only two isolated occasions that do not establish a sufficiently pervasive pattern of offensive behavior rising to the level of sexual harassment. After examining the record, we disagree. We note that our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review,* 126 Pa.Commonwealth Ct. 102, 558 A.2d 627 (1989).

This Court has set forth the following guidelines regarding a claimant's burden of proof in matters such as this:

An employee who voluntarily terminates employment has the burden of proving that such termination was for cause of a necessitous and compelling reason. *Radnor Township School District v. Unemployment Compensation Board of Review,* 135 Pa.Commonwealth Ct. 406, 580 A.2d 934 (1990). Our Supreme Court has defined necessitous and compelling cause as follows:

'[G]ood cause' for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and

which would compel a reasonable person under the circumstances to act in the same manner.

*Truitt v. Unemployment Compensation Board of Review,* 527 Pa. 138, 142–143, 589 A.2d 208, 210 (1991) (quoting *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358–59, 378 A.2d 829, 832–33 (1977)).

*Ayres v. Unemployment Compensation Board of Review,* 143 Pa.Commonwealth Ct. 310, 315, 598 A.2d 1083, 1086 (1991).

 The determination of whether claimant had cause of a necessitous and compelling nature to leave her job is a "legal conclusion drawn from review of the underlying findings of fact and is subject to appellate review. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977)." *Anchor Darling Valve Company v. Unemployment Compensation Board of Review,* 143 Pa.Commonwealth Ct. 171, 174, 598 A.2d 647, 649 (1991). The findings of fact *supra* detail the sexually offensive overtures and remarks made on March 4, 1992 and prior thereto, by employer to claimant during the workday. The record also documents that employer did not deny this offensive conduct during the March 10, 1992 meeting he had with claimant and her husband, during which meeting he urged claimant, at his expense, to "seek professional counseling to try to overcome what he had done" and to "take off" the rest of the week. Employer's inappropriate behavior and his informing claimant, upon her return to work, that she would not be receiving a paycheck because of her absence the previous week and that it would not be conducive to her well-being to continue working for him, clearly constitute substantial evidence establishing the necessitous and compelling nature of claimant's volitional termination, as found by the Board.

Additionally, although this Court has previously held that a claimant has a duty to take all necessary and reasonable steps to preserve employment, we have also found that

[s]exual harassment can be a necessitous and compelling reason for quitting, provided the employee has taken reasonable and prudent steps to alleviate the problem. *Weiss-*

*man v. Unemployment Compensation Board of Review,* 94 Pa.Commonwealth Ct. 67, 502 A.2d 782 (1986).... This court has held that a claimant must take 'common sense action' so that the employer is given 'an opportunity to understand' what she is objecting to. *Colduvell [v. Unemployment Compensation Board of Review ]* 48 Pa.Commonwealth Ct. [185] at 187, 408 A.2d [1207] at 1208 [ (1979) ].

*Homan v. Unemployment Compensation Board of Review,* 107 Pa.Commonwealth Ct. 172, 175–176, 527 A.2d 1109, 1110 (1987). Applying the *Homan* rationale to the present case, we find that the record indicates that claimant and her spouse made it clear to employer that claimant had no reciprocal romantic interest in him and was distressed by his inappropriate advances. We further note that claimant agreed to leave at employer's suggestion and that claimant attempted to assist employer in finding her replacement, as she was not aware that employer had already hired a replacement.

Unarguably, we find that claimant's leaving her job was totally appropriate and for "necessitous and compelling reason," after being confronted with the egregiously offensive, outrageous and intolerable actions of employer, which are shocking to the sensitivities of this Court.

Accordingly, the Board's decision is affirmed.

### *ORDER*

AND NOW, this 25th day of June, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.