635 A.2d 248

**WALLENPAUPACK AREA SCHOOL DISTRICT, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 1993.

Decided Dec. 14, 1993.

470

Joseph F. Kameen, for petitioner.

Linda S. Lloyd, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Michael I. Levin, for amicus curiae Pennsylvania School Boards Ass'n.

Before COLINS and PELLEGRINI, Judges, and KELTON, Senior Judge.

COLINS, Judge.

Wallenpaupack Area School District (employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) granting unemployment compensation benefits (benefits) to Bridget Regenski (claimant).

Employer hired claimant as a lifeguard during the summer vacation of 1991, from July through August of 1991. During this period, claimant was not attending summer classes, and employer paid claimant gross wages of $2,021.00. In September of 1991, claimant returned to school to attend fall classes. Thereafter, from August 1991 until December 1991, claimant maintained at least two other part-time jobs.[1]

In January of 1992, claimant filed for benefits. On January 5, 1992, the Office of Employment Security (OES) determined that claimant was financially eligible for benefits. After employer's timely appeal and hearing, a referee affirmed OES's determination that claimant was eligible for benefits. Employer appealed the referee's determination whereupon the Board remanded the case to the referee for additional testimony. Thereafter, the Board affirmed the referee, determining that claimant was not disqualified from receiving benefits under Section 4(*l*)(4)(10)(B) of the Unemployment Compensation Law (Law)[2] and Section 1201 of the Law.[3] The instant appeal followed.

---

1. Claimant was last employed by Deal Town as a clerk in December of 1991; claimant's separation from Deal Town is not an issue in this appeal.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(*l*)(4)(10)(B), which provides:

   (4) The word "employment" shall not include—

   . . . .

   (10)(B) Service performed in the employ of a school, college or university if such service is performed (i) by a student who is enrolled *and* is regularly attending classes at such school, college or university or (ii) by the spouse of such a student if such spouse is advised at the time such spouse commences to perform such service that (i) the employment of such spouse to perform such service is provided under a program to provide financial assistance to such student by such school, college or university and (ii) such employment will not be covered by any program of unemployment insurance.... (Emphasis added.)

3. Section 1201 of the Law, 43 P.S. § 911, provides, in pertinent part, that students who are employed pursuant to Section 4(*l*)(4)(10)(B) of

■ The issue presented on appeal is whether a school district's summer employment of a high school student not attending summer classes is covered employment with respect to applicable provisions of the Law. At the outset, we must note that the issue of claimant's non-availability for employment was not raised before the Board or this Court. Therefore, we must assume that claimant is available and suitable for work pursuant to Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1).

Generally, employer argues that the wages earned by claimant during the summer of 1991 should be excluded for purposes of computing claimant's financial eligibility for benefits. Specifically, employer argues that pursuant to Section 4($l$)(4)(10)(B) of the Law, 43 P.S. § 753($l$)(4)(10)(B), and to Section 1201(b)(6) of the Law, 43 P.S. § 911(b)(6), claimant's employment is considered excluded employment. Because employer employed claimant while claimant was enrolled in school and regularly attending classes, claimant should be excluded from covered employment. In support thereof, employer points out first, that claimant testified that both prior to and subsequent to her employment, she was regularly attending classes at her school; and second, that employer's Business Manager, Joseph Adams, testified that the school considered claimant to be a student at the time of claimant's employment. Employer then argues that pursuant to Sections 4($l$)(4)(10)(B) and 1201(b)(6) of the Law, the clear implication is that employer employed claimant while claimant was enrolled in and regularly attending classes. Finally, employer argues that to allow claimant to collect benefits under the Law would "create havoc and chaos" with respect to its ability, and the ability of all schools, to evaluate covered versus uncovered employment under similar circumstances.[4]

the Law are excluded from employment as defined by Section 4($l$) of the Law, 43 P.S. 753($l$).

4. In support of its argument, employer also makes reference to 43 P.S. § 822.1(2). This Court, however, is at a loss to discover any law to which this cite refers. Nevertheless, we do note that Section 502 of the

With respect to Sections 4(*l*)(4)(10)(B) and 1201(b)(6) of the Law, the Board argues that claimant was neither enrolled in nor regularly attending classes while under employer's employ. In support thereof, the Board points out that claimant testified that although she was enrolled in classes prior to and subsequent to her employment with employer, she was not attending summer classes during the time of her employment. The Board further argues that pursuant to *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981), claimant is entitled to benefits.

■    This Court's scope of review of a decision by the Board is limited to determining whether constitutional rights were violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Baertl v. Unemployment Compensation Board of Review*, 156 Pa. Commonwealth Ct. 428, 627 A.2d 1232 (1993). "Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Hercules, Inc. v. Unemployment Compensation Board of Review*, 146 Pa.Commonwealth Ct. 77, 84–85, 604 A.2d 1159, 1163 (1992). "[T]he Board is the ultimate factfinder, empowered to determine the weight to be accorded and the inferences to be drawn from the evidence." *Bushofsky v. Unemployment Compensation Board of Review*, 156 Pa.Commonwealth Ct. 100, 104, 626 A.2d 687, 689 (1993).

In *Knee v. Unemployment Compensation Board of Review*, 52 Pa.Commonwealth Ct. 431, 415 A.2d 1008 (1980), this Court construed Section 4(*l*)(4)(10)(B) of the Law and held that a full-time University of Pennsylvania (Penn) graduate student's teaching fellowship in a Ph.D. program was not covered employment. Employer suggests that this Court follow *Knee* and hold that under Section 4(*l*)(4)(10)(B) of the Law, claimant's employment was not covered employment and that, therefore, claimant is disqualified from receiving benefits.

Law, 43 P.S. § 822, relates to procedural matters regarding referees' decisions and appeals therefrom.

Contrary to employer's suggestion, however, *Knee* is distinguishable from the instant case. The *Knee* court opined:

That claimant was not regularly attending traditional classes during her work as a teaching fellow was due to the unique structure of graduate studies. Claimant had completed the traditional classroom work for the Ph.D. degree but was not done with the regular program of studies. She was enrolled at the University as a full-time dissertation student and was in the midst of a most important phase of her studies: the preparation for the examinations for the Ph.D. degree.... [W]e find no error in the Board's conclusion that Section 4(*l*)(4)(10)(B) disqualified claimant's teaching fellowship as covered services.

*Id.* at 434, 415 A.2d at 1009. Accordingly, the *Knee* court held that the graduate student was both enrolled at Penn and attending "classes" at Penn, albeit in the form of a teaching fellowship; the graduate student's program of study to prepare for examinations for her Ph.D. degree was within Section 4(*l*)(4)(10)(B)'s definition of "regularly attending classes." In the instant case, although it is perhaps debatable whether claimant was enrolled in school during her employment, the record definitely discloses that claimant was not regularly attending classes during her summer employment. Therefore, in accordance with this Court's holding in *Knee,* employer's argument that claimant should be disqualified from receiving benefits under Sections 4(*l*)(4)(10)(B) and 1201(b)(6) of the Law is without merit.

Finally, the Pennsylvania Supreme Court has provided:

In determining whether a disqualification is appropriate, 'the test is not whether the claimant has taken himself out of the scope of the [Law] but whether the *[Law] specifically excludes him from its provisions....*' ... Absent such evidence demonstrating that the claimant is specifically disqualified by some explicit section of the [Law], the unemployed claimant is eligible for benefits.

*Penn Hills,* 496 Pa. at 625, 437 A.2d at 1215–16 (quoting *Pittsburgh Pipe & Coupling Company v. Unemployment Compensation Board of Review,* 401 Pa. 501, 509, 165 A.2d

374, 378 (1960)). As the Board correctly points out, pursuant to *Penn Hills*, because there is no specific provision of the Law excluding claimant from receiving benefits, claimant is entitled to benefits.

Accordingly, we affirm.

## ORDER

AND NOW, this 14th day of December, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.