**Sheila OASTER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 1997.

Decided Jan. 6, 1998.

---

Jane H. Schussler, York, for Petitioner.

Paul R. Jordan, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for Respondent.

Before COLINS, President Judge, and SMITH and FRIEDMAN, JJ.

COLINS, President Judge.

Sheila Oaster (Oaster) petitions for review of an order of the Unemployment Compensation Board of review (Board) which affirmed the referee and denied unemployment compensation benefits to Oaster.

The factual history, as found by the referee, is as follows. Oaster was employed as an account analyst by Health America (Employer) from June 17, 1996 until January 16, 1997. Oaster was discharged on that date for insubordination from having used e-mail messages as a means of communication for personal messages and to criticize management. A hearing was held before the referee at which Oaster, a witness for Oaster, and two witnesses for Employer appeared and testified. Thereafter, the referee determined that Oaster's actions constituted willful misconduct; the Board, without opinion, affirmed. This appeal followed.

■ The sole issue presented for our consideration is whether the Board erred in affirming the referee's conclusion that Oaster engaged in willful misconduct.[1]

■ Our standard of review is limited to a determination of whether an error of law was committed, constitutional rights have been violated, or whether necessary findings of fact are supported by substantial evidence. *Baertl v. Unemployment Compensation Board of Review,* 156 Pa.Cmwlth. 428, 627 A.2d 1232 (1993).

■ The issue of whether a claimant's conduct constitutes willful misconduct is a question of law, fully reviewable by this Court. *Gwynedd Square Center v. Unem-*

1. Oaster also questions whether she was subject to disparate treatment by Employer. We do not address this issue as it was not previously raised and is, thus, waived. *See Siano v. Workmen's Compensation Appeal Board,* 137 Pa.Cmwlth. 487, 586 A.2d 1008 (1991).

ployment Compensation Board of Review, 656 A.2d 562 (Pa.Cmwlth.1995). Willful misconduct is not statutorily defined; however, it has been judicially determined to mean an act of wanton or willful disregard of the employer's interests, the deliberate violation of employer's work rules, the disregard of standards of behavior which an employer can rightfully expect from his employees, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to employer. *Rossi v. Unemployment Compensation Board of Review,* 544 Pa. 261, 676 A.2d 194 (1996); *Heitczman v. Unemployment Compensation Board of Review,* 162 Pa.Cmwlth. 275, 638 A.2d 461 (1994), *petition for allowance of appeal denied,* 538 Pa. 660, 648 A.2d 791 (1994).

Here, the record reveals Oaster sent an e-mail message to her supervisor in which she made the following statement:

> Stephen and Sharon D. were talking yesterday, and they determined that the only person to be embarrassed will be our lovely controller, so why should we kill ourselves. Wouldn't we get much more pleasure out of making him look like an incompetent manager?

O.R. Item No. 7, Exhibit 3.

Employer saw this e-mail message when erasing files from the supervisor's computer and became concerned that Oaster was planning on sabotaging Employer's efforts to meet an upcoming audit deadline. N.T. p. 4.

Prior decisions of this Court have established that a threat not to perform one's duties properly, which effectively undermine the operation of an employer, constitutes willful misconduct as it is a disregard of the employer's interests and of the standards an employer has the right to expect of its employees. *Grosskinsky v. Unemployment Compensation Board of Review,* 70 Pa. Cmwlth. 19, 452 A.2d 298 (1982); *Lower Gwynedd Township v. Unemployment Compensation Board of Review,* 44 Pa.Cmwlth. 646, 404 A.2d 770 (1979). Oaster's disparaging of a supervisor and expression to sabotage the efforts of Employer to meet an audit deadline by not performing her duties properly clearly constitute willful misconduct.

Accordingly, we affirm the order of the Board denying benefits to Oaster.

## ORDER

AND NOW, this 6th day of January, 1998, the May 14, 1997 order of the Unemployment Compensation Board of Review is affirmed.

FRIEDMAN, J., dissents.