**Douglas J. MILLER, Petitioner**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2012.

Decided Nov. 13, 2012.

Douglas J. Miller, pro se.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Douglas J. Miller (Claimant) petitions, *pro se,* for review of the February 17, 2012, order of the Unemployment Compensation Board of Review (UCBR) affirming and adopting the referee's determination that Claimant was financially ineligible for benefits pursuant to section

404 of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by the Pennsylvania State University (PSU), at the Altoona Campus, from August 23, 2010, through May 5, 2011, as a part-time lecturer, working eighteen hours per week in the fall of 2010 and ten hours per week in the spring of 2011. (UCBR's Findings of Fact, No. 1.)

During that same time, Claimant was enrolled as a full-time student under NucE601, which is a graduate course designed to allow students time to work on their dissertations. During the entire summer 2010 break, from June 18, 2010, through August 27, 2010, Claimant was employed by PSU as a laboratory assistant, earning $25 per hour, for a total of $3,000. (UCBR's Findings of Fact, Nos. 2–5.)

On July 31, 2011, Claimant filed an application for unemployment compensation benefits based on his earnings from April 1, 2010, through March 31, 2011. During the base year, Claimant had earnings from PSU, while not also enrolled in classes, in the amount of $300 in the second quarter of 2010, and $2,700 in the third quarter of 2010. (UCBR's Findings of Fact, Nos. 6–7.)

■ On September 26, 2011, the local service center issued a revised notice of determination, finding that Claimant was financially ineligible for benefits.[2] Claimant appealed to the referee. Following a hearing, the referee affirmed, denying benefits pursuant to section 404 of the Law. Claimant appealed to the UCBR, which, on February 17, 2012, affirmed the referee's decision. Claimant now petitions this court for review.[3]

Initially, Claimant argues that the UCBR erred in finding that section 4(1)(4)(10)(B) of the Law, 43 P.S. § 753($l$)(4)(10)(B), disqualified him from receiving unemployment compensation benefits. Claimant contends that he was finished with his classes and was no longer bound by residency requirements as of August 2010.[4] Claimant further contends

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804.

2. Prior to the revised determination, on August 17, 2011, the local service center found Claimant to be financially eligible for benefits pursuant to section 404 of the Law, 43 P.S. § 804. Further, on September 1, 2011, the service center issued a determination granting Claimant benefits under Section 402.1(2) of the Law, added by section 5 of the Act of July 6, 1977, P.L. 41, *as amended*, 43 P.S. § 802.1(2) (limiting the eligibility of school employees during the period between two successive academic years), because it determined that Claimant was not given a reasonable assurance of returning to his position as a part-time lecturer at PSU–Altoona. PSU appealed that determination on September 15, 2011, on the basis that it had mistakenly reported wages for Claimant. The appeal was later withdrawn. Claimant requested that we consider these documents; however, the documents are not part of the record because they do not relate to the decision currently under appeal.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Claimant states that he worked at PSU–Altoona, and that PSU–Altoona is not the same as PSU–University Park, because it is responsible for hiring its own employees, has its own student enrollment and available degrees, and does not have a graduate degree program. Therefore, Claimant asserts that he was not enrolled and employed at the same school. However, Claimant's pay stubs state that his employer was "PennState" and his petition for appeal dated October 11, 2011, lists his employer as "Penn State University" with the address at "University Park." (C.R. at Item Nos. 2, 4.) The UCBR found that PSU was Claimant's employer, (UCBR's Findings of Fact, No. 1), and we see no error.

that he was registered as a noncredit student, having no additional classes to take, and was seeking full-time employment prior to completing his dissertation and doctoral defense. Claimant states that the position of part-time lecturer was not a student employee position.

Section 4(1)(4)(10)(B) of the Law provides that employment shall not include:

Service performed in the employ of a school, college or university if such service is performed (i) by a student who is enrolled and is regularly attending classes at such school, college or university. . . .

43 P.S. § 753(*l*)(4)(10)(B).

In *Knee v. Unemployment Compensation Board of Review*, 52 Pa.Cmwlth. 431, 415 A.2d 1008 (1980), Knee was registered as a full-time dissertation student, having completed her formal classroom studies, and was preparing for her comprehensive examinations. The UCBR excluded the wages she earned while she was preparing for her comprehensive examinations and working as a teaching fellow because she was enrolled as a full-time dissertation student at that time. *Id.* at 1009. This court affirmed, finding that Knee was a full-time dissertation student and was not finished with her studies. *Id.*

Here, the UCBR found that Claimant was employed as a part-time lecturer while he was enrolled as a full-time student working on his dissertation, from August 23, 2010, through May 5, 2011. (UCBR's Findings of Fact, Nos. 1–3.) Claimant was registered as a full-time student while completing the dissertation portion of the doctoral program at PSU. Therefore, according to *Knee*, Claimant was not eligible for unemployment benefits. The UCBR did not err in excluding Claimant's earnings from August 23, 2010, through May 5, 2011, in calculating Claimant's unemployment benefits.

Once those earnings are excluded, Claimant was not eligible for benefits pursuant to section 404 of the Law, 43 P.S. § 804, because he did not meet the minimum qualifying base year wages. Section 404(e)(1) of the Law, 43 P.S. § 804(e)(1), provides that a claimant with high quarterly wages of $2,700 would be financially eligible for benefits at a rate of $110 per week provided he had base year wages of at least $4,320. Claimant's total base year earnings, after the excluded earnings were deducted, were only $3,000. Therefore, Claimant did not meet the test of financial eligibility under section 404 of the Law.

Accordingly, we affirm.

### ORDER

AND NOW, this 13th day of November, 2012, the order of the Unemployment Compensation Board of Review, dated February 17, 2012, in the above-captioned matter, is affirmed.